# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN REGISTRY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:12-cv-00262-SLR |
| | ) |
| SHOWMARK MEDIA, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF SHOWMARK MEDIA, LLC

Defendant Showmark Media, LLC ("Showmark") responds to the Complaint of American Registry, LLC ("American Registry") as follows:

## PARTIES

1. Showmark is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 1 of the Complaint, and, on that basis, denies them.

2. Showmark admits that it is a Delaware corporation and has an address at One Reservoir Corporate Centre, 4 Research Drive, Suite 402, Shelton, Connecticut 06484, and conducts some of its business in the United States and in this judicial district through its website, www.showmark.com. Showmark expressly and specifically denies that it "offer[s] for sale and sell[s] personalized, customized achievement items." Showmark denies any and all additional allegations made in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Subject to Showmark's affirmative defenses and denials, Showmark admits that for jurisdictional purposes only this Court has jurisdiction over the subject matter of this action because the Complaint purports to set out a claim for patent infringement under Title 35 of the United States Code.

4.     Showmark admits that for jurisdictional purposes only this Court has personal jurisdiction over Showmark because Showmark is a corporation incorporated in the State of Delaware. Showmark expressly and specifically denies that it "has committed and continues to commit acts of patent infringement." Showmark denies any and all additional allegations made in Paragraph 4 of the Complaint.

5.     Showmark admits that venue is proper pursuant to 28 U.S.C. § 1400(b) because Showmark is incorporated in Delaware. Showmark expressly and specifically denies that it "has committed acts of patent infringement." Showmark denies any and all additional allegations made in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.     Showmark admits that a copy of U.S. Patent No. 7,386,800 ("the '800 patent") is attached as Exhibit A to the Complaint, that it is titled "PERSONALIZED, CUSTOMIZED ACHIEVEMENT RECOGNITION ITEMS," and that the issue date set forth on the '800 patent is June 10, 2008. Showmark is without knowledge or information sufficient to form a belief with respect to the truth of the remaining allegations of Paragraph 6 of the Complaint, and, on that basis, denies them.

7. Showmark is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 7 of the Complaint, and, on that basis, denies them.

**CLAIM FOR INFRINGEMENT OF THE '800 PATENT**

8. Showmark incorporates by reference its responses to each and every preceding allegation as set forth above.

9. Showmark denies the allegations of Paragraph 9 of the Complaint.

10. Showmark denies the allegations of Paragraph 10 of the Complaint.

11. Showmark denies the allegations of Paragraph 11 of the Complaint.

12. Showmark denies the allegations of Paragraph 12 of the Complaint.

13. Showmark denies the allegations of Paragraph 13 of the Complaint.

14. Showmark denies the allegations of Paragraph 14 of the Complaint.

15. Showmark denies the allegations of Paragraph 15 of the Complaint.

**PRAYER FOR RELIEF**

Showmark denies that American Registry is entitled to any of the relief requested in its prayer for relief.

**AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Answer, Showmark alleges the following affirmative defenses to the Complaint. Showmark reserves the right to add additional defenses as discovery proceeds in this litigation.

## First Affirmative Defense
### (No Literal Infringement Based On Prosecution Disclaimer)

16. On November 21, 2003, Avi Moskowitz and Warren Struhl ("applicants"), by and through their patent prosecution counsel, filed U.S. Patent Application No. 10/721,045 ("the '045 Application") with the United States Patent and Trademark Office.

17. On August 16, 2007, the United States Patent and Trademark Office entered a Final Office Action in the prosecution of the '045 Application.

18. The Final Office Action rejected original claims 3, 14, 25, and 37 under 35 U.S.C. § 102(e) as anticipated by U.S. Patent No. 6,578,012 ("Storey").

19. On November 15, 2007, the applicants, by and through their patent prosecution counsel, filed an Amendment in Reply to Action of August 16, 2007 ("Amendment").

20. On page 10 of 12 of the Amendment, the applicants stated the following (emphasis in original):

> To personalize the plaque, the user would select the button 66. In response to the user's clicking on the button 66, the system retrieves and displays another web page 80 (FIG. 6) on the user's device. The page 80 allows the prospective customer to personalize the text that will appear on the laser-engraved plate 30 for the plaque. The text appearing on the plate 30 typically would relate to the achievement attained by the user . . . . (Specification, pages 11-13) The Office action (at page 4) points to col. 9, line 62 – col. 10, line 6 of the Storey patent as allegedly disclosing the claimed features of "customizing and personalizing." That is incorrect. The Storey patent discloses that the user can select the color and size of the award. Thus, although the Storey patent may disclose "customizing" the award, that patent says nothing about "personalizing" the award.

21. Original claims 3, 14, 25, and 37 of the '045 Application issued as claims 1, 9, 17, and 25 of the '800 patent.

22. Claims 1, 9, 17, and 25 of the '800 patent are the only independent claims of the '800 patent.

4

23. Claims 1, 9, 17, and 25 of the '800 patent each include claim limitations for "customizing and personalizing [an/the] achievement recognition item" and "customizing and personalizing features of the [selected] achievement recognition item."

24. The applicants, by and through their patent prosecution counsel, clearly and unmistakably surrendered a scope of the claim limitations pertaining to "personalizing" an achievement recognition item.

25. The doctrine of prosecution disclaimer limits the scope of the claim limitations requiring "personalizing."

26. None of the methods or systems accused of infringement in the Complaint literally include a method or system that meets the claim limitations requiring "personalizing."

27. American Registry's Complaint of direct and indirect literal infringement is barred in its entirety by the doctrine of prosecution disclaimer.

### Second Affirmative Defense
### (No Infringement Under the Doctrine of Equivalents Based on Prosecution History Estoppel)

28. Showmark incorporates by reference each and every paragraph of its first affirmative defense as set forth above.

29. None of the methods or systems accused of infringement in the Complaint include an equivalent of a method or system that meets the claim limitations requiring "personalizing."

30. None of the methods or systems accused of infringement in the Complaint infringe any claim of the '800 patent under the doctrine of equivalents because the claim limitations requiring "personalizing" are absent from all of the methods or systems accused of infringement.

31. The doctrine of prosecution disclaimer precludes American Registry from recapturing through claim interpretation specific meanings disclaimed during prosecution

32. American Registry's Complaint of direct and indirect infringement under the doctrine of equivalents is barred in its entirety by the doctrine of prosecution history estoppel.

### Third Affirmative Defense
### (Non-Infringement and Absence of Liability for Infringement)

33. Showmark is not infringing and has not infringed, contributed to the infringement, or induced the infringement of any valid claim of the '800 patent, whether literally or by equivalents.

### Fourth Affirmative Defense
### (Patent Invalidity)

34. The claims of the '800 patent are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation §§ 102, 103 and/or 112.

### Fifth Affirmative Defense
### (Estoppel)

35. American Registry's Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense
### (Notice)

36. To the extent American Registry seeks damages for alleged infringement prior to its giving actual or constructive notice of the patent-in-suit to Showmark, the relief sought by American Registry is barred by 35 U.S.C. § 287.

### Seventh Affirmative Defense
### (No Injunctive Relief)

37. American Registry is not entitled to any injunctive relief because any alleged injury to American Registry is not immediate or irreparable, and American Registry has an adequate remedy at law for any alleged injury.

### Eighth Affirmative Defense
### (Failure to State a Claim)

38. American Registry's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because American Registry's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Ninth Affirmative Defense
### (Patent Misuse)

39. American Registry's unsupportable infringement allegation in view of prosecution disclaimer and prosecution history estoppel is an attempt to impermissibly broaden the scope of the patent grant with anticompetitive effect. This lawsuit was brought by American Registry in bad faith and with an improper purpose, as evidenced by the objectively baseless nature of the infringement allegations as described in the First Affirmative Defense and Second Affirmative Defense, which are incorporated herein by reference. American Registry is aware of the facts that compel noninfringement as described in the First Affirmative Defense and Second Affirmative Defense, and was aware of these facts when it filed its Complaint. American Registry's actions in bringing and maintaining this suit comprise patent misuse and an attempted illegal restraint of trade.

### Tenth Affirmative Defense
### (Exceptional Case)

40. Because of American Registry's unsupportable infringement allegations in view of prosecution disclaimer and prosecution history estoppel, this case is exceptional under 35 U.S.C. § 285, and attorneys fees and costs should be awarded against American Registry.

### REMAINING AFFIRMATIVE DEFENSES

41. Showmark has not knowingly or voluntarily waived any applicable affirmative defense, and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

### PRAYER FOR RELIEF

WHEREFORE, Showmark respectfully prays for judgment in its favor and against American Registry that:

a. Showmark has not infringed, willfully infringed, contributed to the infringement of, or induced infringement of the '800 patent and does not do so;

b. The '800 patent is invalid and unenforceable;

c. American Registry shall not be entitled to a judgment that the above-captioned matter is an exceptional case;

d. Showmark shall be entitled to a judgment that the above-captioned matter is an exceptional case;

d. American Registry take nothing by this action;

e. Showmark be awarded the costs of suit and attorneys' fees; and

f. For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Showmark demands a trial by jury on all issues triable of right by a jury.

Dated: August 20, 2012  /s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
M. Curt Lambert (#4882)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
fdigiovanni@cblh.com
mlambert@cblh.com

*Attorneys for Defendant*
*Showmark Media, LLC*

4923525

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on August 20, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that I caused copies of the foregoing document to be served on August 20, 2012, upon the following via electronic mail:

| | |
|---|---|
| Jeremy D. Anderson<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1114<br>Wilmington, DE 19801<br>janderson@fr.com | Michael F. Autuoro<br>FISH & RICHARDSON P.C.<br>601 Lexington Avenue, 52nd Floor<br>New York, NY 10022<br>autuoro@fr.com |

                                              */s/* Francis DiGiovanni
                                              Francis DiGiovanni (#3189)